UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 18-50024 |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | MEMORANDUM AND |
| | * | ORDER DENYING |
| TIFFANY JANIS, | * | SENTENCE REDUCTION |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Defendant's Motion to Reduce Sentence pursuant to Amendment 821 to the Federal Sentencing Guidelines, (Doc. 96). The Government has responded, (Doc. 100), and the Federal Public Defender's Office has notified the Court of its intent not to supplement, (Doc. 6/06/2024). For the following reasons, the Court denies Defendant's motion.

## BACKGROUND

Defendant was convicted of Second-degree Murder and Discharge of a Firearm during the Commission of a Crime of Violence. 18 U.S.C. §§ 1111(a), 1153, and 924(c). The offenses occurred during a domestic altercation with her husband, whom she shot and killed. (Doc. 75). Defendant pleaded guilty to the offenses. (Doc. 69). The Guideline range for Count 1, the murder count, was 168-210 months based on an offense level of 35 and Criminal History category I, resulting from zero criminal history points. (Doc. 75). For Count 2, the firearm discharge count, the sentence was a mandatory minimum 120 months consecutive to the sentence on Count 1. The

Government and Defendant agreed Defendant should be sentenced to 120 months on Count 1, and to the mandatory consecutive sentence of 120 months on Count 2. (Doc. 89, PgID 289). The court agreed that a variance was appropriate and varied downward to a sentence of 120 months on Count 1, followed by the mandatory 120 months consecutive on Count 2. (Doc. 88, 89).

Defendant now requests a reduction in sentence pursuant to a recent amendment to the Federal Sentencing Guidelines which was made retroactive.

## LEGAL STANDARD

Ordinarily, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582. The statute creates an exception for a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission...". Id. § 3582(c). In such a situation, the court engages in the two-step procedure set forth in *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). That procedure requires a determination whether the applicant qualifies for relief under § 3582(c), followed by ascertaining the pertinent guideline range. *Id.* See also *United States v. Diaz*, 2024 WL 167166, *2 (S.D. Fla. Jan. 16, 2024); *United States v. Estupinan*, 2023 WL 9022718, *2 (S.D. Fla. Dec. 31, 2023); *United States v. Galvan-Jacinto*, 2023 WL 9007294, *2 (W.D. Okla. Dec. 28, 2023).

Amendment 821 to the Guidelines includes two provisions that could provide relief if applicable. First, § 4A1.1 addresses status points a defendant received because the offense was committed while under any "criminal justice sentence," including imprisonment, probation, or supervised release. The provision reads as follows:

2

§ 4A1.1. Criminal History Category

The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.
(d) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.
(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1.

Amendment 821 modified § 4A1.1(e) to reduce the points from 2 to 1 for a person who committed the offense while under a criminal justice sentence.

The second aspect of Amendment 821 appears at § 4C1.1, which addresses a possible reduction in offense level of certain offenders who have zero criminal history points. The provision reads as follows:

§ 4C1.1. Adjustment for Certain Zero-Point Offenders

(a)     Adjustment.--If the defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in connection with the offense;

3

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1.

## ANALYSIS

As the Government notes, Defendant's motion requests relief based on her having zero criminal history points. Because her motion indicates some confusion over whether she can receive an adjustment based on "status points" as well, (Doc. 96, PgID 308, 309), the Court will address the possibility of relief under both aspects of Amendment 821.

Although Defendant had zero criminal history points, Amendment 821 does not provide relief. A zero-point offender does not qualify for relief if the offense of conviction involved violence or resulted in death. U.S.S.G. § 4C1.1(a)(3) and (4). Defendant's offenses involved her use of violence and resulted in death, meaning she does not qualify for relief as a zero-point offender.

4

Furthermore, because Defendant did not have any criminal history points, she was not assessed "status points" for having committed her offenses while under a criminal justice sentence. Therefore, she does not qualify for relief under U.S.S.G. § 4A1.1(e). Defendant does not meet the criteria set forth under either provision of Amendment 821 that would grant her a reduction in sentence.

Accordingly, IT IS ORDERED that Defendant's motion for reduction in sentence, (Doc. 96), is denied.

Dated this 25th day of June, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK